**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| TIN TRI NGUYEN, | No. 09-15788 |
| Petitioner - Appellant, | D.C. No. 3:06-cv-01414-JSW |
| v. | |
| RODERICK HICKMAN, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted July 18, 2012[**]
San Francisco, California

Before: CLIFTON and MURGUIA, Circuit Judges, and COLLINS, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Raner C. Collins, District Judge for the U.S. District
Court for the District of Arizona, sitting by designation.

California state prisoner Tin Nguyen appeals the district court's denial of his petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. We conclude that the California state court did not unreasonably apply clearly established federal law or base its decision on an unreasonable determination of the facts in denying Nguyen's ineffective assistance of counsel claims now on appeal. Accordingly, we affirm.

Under *Strickland v. Washington*, 466 U.S. 668 (1984), in order to prevail on an ineffective assistance of counsel claim, a habeas petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. The state court's determination that Nguyen's trial counsel made a tactical decision in choosing not to object to the field identification evidence collected during a traffic stop the night before the murder was not "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2). Although the decision may be called into question in hindsight, Nguyen has failed to provide sufficient evidence to combat the strong presumption that this tactical decision was "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Nguyen has also failed to affirmatively prove a substantial likelihood of a different result had his trial counsel objected to the introduction of the field identification evidence. *Harrington v. Richter*, 131 S. Ct. 770, 792 (2011). The

primary evidence against him at trial was the testimony of his accomplice, which the state court reasonably concluded was sufficiently corroborated even without the field identification cards.

The state court also did not act unreasonably in denying Nguyen's ineffective assistance of counsel claim based on his trial counsel's failure to object to the introduction of gang affiliation evidence. "[T]he use of gang membership evidence to imply 'guilt by association' is impermissible and prejudicial." *Kennedy v. Lockyer*, 379 F.3d 1041, 1056 (9th Cir. 2004). Evidence of gang affiliation may be used, however, to impeach witnesses or to show that certain parties had pre-existing relationships. *See, e.g.*, *United States v. Abel*, 469 U.S. 45, 51-53 (1984) (holding gang evidence admissible to demonstrate racial bias); *Windham v. Merkle*, 163 F.3d 1092, 1103-1104 (9th Cir. 1998) (holding gang evidence admissible to demonstrate defendant's motive for participating in the alleged crimes). Nguyen has failed to show that he was prejudiced by the introduction of the gang affiliation evidence. Even if this evidence damaged Nguyen's defense, the state court reasonably concluded that the remainder of the case against him was substantial, including the corroborated testimony of his accomplice directly identifying him as participating in the crimes.

Nguyen has not met the high burden of showing that the state court's determination was unreasonable. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

**AFFIRMED.**